# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| MICHAEL WILLIAMS KERSEY, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 2:21-cr-37 |

### ORDER

Presently before the Court are Movant Michael Kersey's ("Kersey") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence and the Government's Response and concession to Kersey's right to appeal. Dkt. Nos. 141, 145. Based on these filings, and for the reasons which follow, the Court **GRANTS in part** Kersey's 28 U.S.C. § 2255 Motion, which the Court construes as a request to file an out-of-time appeal, and **DISMISSES without prejudice** all other claims Kersey raises in his Motion. The Court **VACATES** the judgment in Kersey's criminal case and **RE-IMPOSES** the identical sentence.

### BACKGROUND

Kersey was indicted and charged with: conspiracy to engage in sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(e) and 2; ten counts of sexual exploitation of children,

in violation of 18 U.S.C. §§ 2251(a) and 2; two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a); coercion and enticement of a child to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); four counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dkt. No. 1. Kersey's appointed attorney, Alan Tucker, filed numerous pre-trial motions on Kersey's behalf. Dkt. Nos. 14–21.

The Government notified the Court prior to trial being set that it was able to reach a plea agreement with Kersey. Dkt. No. 101. As part of this plea, Kersey agreed to plead guilty to five counts of the indictment (counts one, four, twelve, thirteen, and twenty-four), charging violations of 18 U.S.C. §§ 2251(e), 2251(a), and 2252A(a)(5)(B). Dkt. No. 107 at 1. Kersey's plea agreement contained an appeal waiver, requiring Kersey to forego his right to a direct appeal, unless the Court sentenced him above the statutory maximum or above the advisory Sentencing Guidelines range the Court found or if the Government appealed the sentence. Id. at 9. I conducted a change of plea, or Rule 11, hearing with Kersey and Mr. Tucker on May 23, 2023. Dkt. No. 106. On October 4, 2023, I sentenced Kersey to 1,200 months in prison, which was comprised of 240-month sentences on each of the five counts, to be served consecutively. Dkt. No. 121, 123; Dkt. No. 124 at 3;

see also Dkt. No. 127 (Amended Judgment of Nov. 1, 2023, after final restitution hearing).  Kersey did not file a direct appeal.

Kersey, through counsel, has now filed his § 2255 Motion to challenge his sentence and conviction.  Dkt. No. 141  The Government filed a Response.  Dkt. No. 145.  As relevant here, Kersey contends Mr. Tucker failed to consult with Kersey about filing notice of appeal on his behalf, despite Kersey having waived his right to appeal as part of his plea agreement.  Dkt. No. 141 at 5.  Kersey states Mr. Tucker also failed to file with the Court the requisite post-conviction consultation certificate after sentencing, which, he contends, further shows Mr. Tucker did not consult with Kersey about filing an appeal.  Id.

United States Magistrate Judge Benjamin Cheesbro directed Kersey's § 2255 Motion be served on Respondent.  Dkt. No. 144.  In response, the Government "concedes" and "agrees" Mr. Tucker did not consult with Kersey about filing a direct appeal.  Dkt. No. 145 at 1.  The Government recommends Kersey be allowed to file an out-of-time appeal and the Court either dismiss or hold in abeyance the remaining ground of Kersey's § 2255 Motion.  Id.

## DISCUSSION

It is well settled waiver of appeal[1] provisions in plea agreements are enforceable if the waivers are knowing and

---

[1]  "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence.  United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993).  Caselaw concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings.

voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)); Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). Nevertheless, "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "Even assuming that a rational defendant would not have wanted to appeal the case, [where a defendant] expressly communicated to his attorney his desire to appeal . . .[,] Flores-Ortega mandates that the attorney conduct a specific type of consultation, informing his client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005). It also is well settled an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Flores-Ortega, 528 U.S. at 470, 483-86; Gaston, 237 F. App'x at 495.

---

Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004).

4

Here, Kersey's plea agreement contained an appeal waiver. Dkt. No. 107. However, it is alleged that Mr. Tucker failed to file a post-conviction certification, as required.

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court employs these procedures to re-institute Kersey's right to appeal. Unless Kersey elects to retain his own counsel for the appeal and notifies the Court of that choice within 14 days of this order, the Court will appoint appellate counsel prior to re-imposition of sentence. Once Kersey's sentence is reimposed, he will have 14 days in which to file a notice of appeal.

In light of Kersey being allowed to file an appeal, the Court declines to address the remaining ineffective assistance of counsel claim Kersey raises in his § 2255 Motion and **DISMISSES without prejudice** this claim. United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing movant to raise in properly

filed § 2255 motion ineffective assistance claims not addressed by district court granting relief on lost appeal claim).

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** Kersey's § 2255 Motion, which the Court construes as a request to file an out-of-time appeal, and **DISMISSES without prejudice** all other claims Kersey raises in his Motion. The Court **VACATES** the judgment in Kersey's case, dkt. nos. 124, 127, and **RE-IMPOSES** the identical sentence.

**SO ORDERED**, this 27th day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6